# Exhibit 1

FILED

Superior Court of California
County of Butte

APR 01 2016

Kimberly Flener, Clerk
By _M. IRMER_ Deputy

By Fax

1  Matthew Loeffler
   5959 Woodbriar Way
2  Citrus Heights, Ca.
   (530) 717-0338
3

4          SUPERIOR COURT OF THE STATE OF CALIFORNIA
                FOR THE COUNTY OF BUTTE
5

6  MATTHEW LOEFFLER,                    Case No.:

7              Plaintiff,

8  vs.                                  COMPLAINT FOR:   16CV 00328

9  BUTTE COLLEGE

10 ENLOE HOSPITAL                       1.  DEFAMATION OF CHARACTER

11 CHICO POLICE DEPARTMENT              2.  FALSE LIGHT

12 DOES 1 THROUGH 50,                   3.  NEGLIGENCE

13             Defendants              4.  ABUSE OF POWER (42 USC 1983)

14                                      5.  HARASSMENT IN A EDUCATIONAL
                                            INSTITUTION
15
                                        6.  CONSPIRACY
16
                                        7.  VICARIOUS RESPONSIBILITY
17
                                        8.  INTENTIONAL INFLICTION OF
18                                          EMOTIONAL DISTRESS

19                                      9.  CALIFORNIA EDUCATIONAL CODE
                                            VIOLATIONS
20
                                        10. DISCRIMINATION (ADA)
21
                                        11. COHERSION
22
                                        12. VIOLATION OF DUE PROCESS CLAUSE
23
                                        13. BREACH OF CONTRACT
24
                                        14. WRONGFUL USE OF ADMINISTRATIVE
25                                          PROCEEDINGS

26                                      15. ATTEMPTED EXTORTION

27                                      16. FALSE INPRISONMENT

28                                      17. UNLAWFUL ARREST

29                                      18. ILLEGAL SEARCH AND SEIZURE

30                                      19. DEMAND FOR JURY TRIAL

31

32

COMPLAINT - 1

## GENERAL ALLIGATIONS

Plaintiff Matthew Loeffler brings forth the following causes of action and alleges the following:

1.     Plaintiff MATTHEW S. LOEFFLER (hereafter "LOEFFFLER") is a combat veteran, who was honorably discharged on February 4th, 2012, from the Unites States Navy.

2.     LOEFFLER Enrolled at BUTTE COMMUNITY COLLEGE (hereafter "BUTTE") on or about August 28th, 2014.

3.     Plaintiff is unaware of all the true names and capacities, weather individual, cooperate, partnership, associate or otherwise, of Defendants Does 1 through 50, inclusive and has therefore sued them by forgoing fictions names pursuant to the provisions od the California Provisional Code. Plaintiff is informed and believes, and on the basis alleges, that each of the defendants designated as a DOE is in some way responsible for, participated in, contributed to, with the Defendants CHICO POLICE DEPARTMENT AND BUTTE COLLEGE AND ENLOE HOSPITAL in the matter of events

COMPLAINT - 2

of which the Plaintiff complains herein, and in some fashion has legally responsibility therefore.  The the true names and capacities of such Does are discovered, Plaintiff will seek leave to amend this Complaint by the insertion of such names and capacities and, if necessary, proper words to charge each Doe Reference to the term "Defendants" hereinafter shall mean the named Defendant and does 1 through 50, unless other wise indicated.

4. On or about November 3, 2014, LOEFFLER had a meeting with BELINDA SCHAFER, BUTTE COLLEGE PARAMEDIC DIRECTOR, DEPARTMENT CHAIR MEMBER (hereafter "SCHAFER"), discussing her failure to comply with BUTTE policy regarding accommodations for students with disabilities.

5. LOEFFLER was denied the appropriate accommodations in accordance with the ADA and BUTTE policy, prior to this date.  The test was on Cardiac Rhythms.

6. Later, on or about February 2, 2015, the Plaintiff expresses his concerns to DENISE ADAMS, DEAN CAREER AND TECHNICAL EDUCATION BUTTE COLEEGE (hereafter "ADAMS"), about his accommodations for his disability.

7.      Plaintiff states to ADAMS, "I am a DSPS (DISABLED STUDENT and PROGRAM SERVICES) student, who requires specific test accommodations."

8.      The Plaintiff continues to explain to ADAMS that SCHAFER forced him to take a test, outside of the parameters set fourth by the ADA, supported and signed by SCHAFFER.

9.      ADAMS dismisses the complaint.

10.     On or about November 15, 2014, LOEFFLER wrote an email to BUTTE College HR with concerns to the conduct of BUTTE COLLEGE'S PARAMEDIC PROGRAM (hereafter "BUTTEMEDIC).

11.     BUTTE Human recourses did not respond until February 11th, 2015.

12.     On or about November 14, 2014, during a meeting with SCHAFER, MICHAEL SMITH, EMT INSTRUCTOR BUTTE COLLEGE (hereafter "SMITH"), and JAMES CUNEO, PARAMEDIC INSTRUCTOR BUTTE COLLEGE and FLIGHT MEDIC ENLOE HOSPITAL (hereafter "CUNEO"), the plaintiff, LOEFFLER, was threatened with ramifications for not attending a "non-mandatory" event at ENLOE hospital.

13.    The plaintiff argued this was not a punishable subject, and violated BUTTE and California Educational policy pertaining to "Outings and Excursions."

14.    LOEFFLER presented the BUTTE form, and Educational Code citing this policy to be true.

15.    SCHAFER, SMITH, CUNEO ignored its importance and stated LOEFFLER was being defiant an insubordinate.

16.    SCHAFER stated, "We have had students like you before, and it didn't turn out well for them." The plaintiff inquired about the nature of this statement.

17.    On or about January 5th, 2015, LOEFFLER approached SCHAFER and requested if he could get his Drug Screening done at lunch.

18.    During the holiday break in December LOEFFLER attempted to complete his screening through a public entity, and was unaware the screening had to be completed at a specific location in Chico, Ca.

19.    LOEFFLER approached SCHAFFER and asked, "Can I gent my drug screen done at lunch." SCHAFFER responded, "Don't worry about it, you will have time to do it later when we go down to Chico for our clinical orientations."

COMPLAINT - 5

20.      Two students, DERIK PINKERMAN and BRYAN EISENBIEZ, witnessed this conversation.

21.      On or about February 2, 2015, LOEFFLER was placed on probation for failing to submit a urinalysis in "accordance with the BUTTE PARAMEDIC syllabus," stated SCHAFER.

22.      The Plaintiff stated, in his formal appeal letter and verbally to SCHAFER and ADAMS, the date of the urinalysis was not cited in the BUTTE PARAMEDIC syllabus, despite this factual production of evidence, ADAMS and SCHAFER continued with the Plaintiff's probation.

23.      In an email, on or about On or about February 2, 2015, the Plaintiff was directed by SCHAFER to have his urinalysis "cleared up" within 72 hours. For failure to do so will result in the Plaintiff's (continual) suspension from the BUTTE PARAMEDIC program.

24.      The Plaintiff urinalysis was cleared within 24 hours, Plaintiff reported to SCHAFFER, despite the the Plaintiffs suitable response, SCHAFER continued to keep the plaintiff on suspension without justifiable cause.

25.      On or about February 2, 2015, LOEFFLER contacts ALLAN RENVILLE BUTTE COLLEGE Vice President, Student Services, Title IX and 504 Compliance Officer. (hereafter "RENVILLE") in an email and

COMPLAINT - 6

states, "Mr. Renville, I have currently been put on Probation for the

paramedic program, for 'insubordination.' When I have no history of

problematic behavior, and I not willingly defied the authority of my

superiors. Can we please meet? I feel like I have no one to represent me in

these allegations." TAMI VANSKIKE, Administrative Assistant, Office of

the Vice President (RENVILLE), BUTTE COLLEGE (hereafter

"VANSKIKE"), responded on RENVILLE's behalf, directing LOEFFLER

to meet with ADAMS.

26.     LOEFFLER contacted ADAMS numerous times and was ignored.

27.     LOEFFLER contacted KELLEY MUNSON (hereafter "MUNSON"),

associated students for BUTTE, and JORDAN BIARD (hereafter

"BIARD"), student representative from Associated Students, to assist in

acquiring a meeting with ADAMS.

28.     A meeting was not established until BIARD contacted ADAMS on

LOEFFLER's behalf.

29.     In the email from BIARD to ADAMS, BIARD made it clear

LOEFFLER wanted a third party representative present during the meeting,

ADAMS acknowledged the request and approves.

COMPLAINT - 7

30.     On or about February 8th, 2015, ADAMS denied LOEFFLER a third

party witness.

31.     ADAMS states, "I don't talk to family or attorneys," despite her email

and response to BIARD.

32.     LOEFFLER was afraid all parties of the meeting would not be held

accountable for facts and statements made, in fear of being further punished

LOEFFLER continues with the meeting.

33.     ADAMS has a stenographer, LISA BERNAL-WOOD, ADAMS

assistant, (hereafter "WOOD") annotating the conversation.

34.     LOEFFLER later discovers, through a Public Information request on

or about April 21st, 2015, the dictations made by WOOD were altered in a

manner protecting the statements made by ADAMS and SCHAFER while

libeling the statements made by LOEFFLER.

35.     During this meeting SCHAFER and ADAMS harassed, bullied, and

threatened LOEFFLER.

36.     On or about February 9th, 2015, LOEFFLER receives a letter of

dismissal from SCHAFER and ADAMS.

COMPLAINT - 8

37.     On or about February 11th, 2015, LOEFFLER contacts CHRISTINE

YEO, BUTTE COLLEGE HUMAN RECOURCES (hereafter "YEO"), files

a grievance, and informs YEO about conduct of SCHAFER and ADAMS.

38.     LOEFFLER tells YEO that SCHAFER and ADAMS are neglecting

their duties as educators, harassing him, violating BUTTE policy and

procedures.

39.     LOEFFLER also informs YEO he is being discriminated against due

to his Veteran status.

40.     LOEFFLER explains to YEO, SCHAFER and ADAMS have made

derogatory and belittling statements regarding his service.

41.     YEO informs LOEFFLER an investigation will be conducted.

42.     On or about March 11th, 2015, YEO leaves LOEFFLER a voicemail

in regards to the discrimination investigation, "I wanted to let you know that

I've completed the investigation as far as discrimination. Um, probably will

come as a surprise to you that I did not fins any evidence to support that

there was any discrimination. I wanted you to know, I spoke to your

classmates and they all spoke very highly of you."

COMPLAINT - 9

43.     March 12th, 2015, CASEY CARLSON, BUTTE COLLEGE CHIEF
OF POLICE (Hereafter "CARLSON"), arrives at LOEFFLER'S home.
CARLSON states he is there as a courtesy.

44.     CARLSON give LOEFFLER consent to record their conversation.

45.     CALRSON explains SCHAFER, SMITH, and CUNEO are "in fear of
their life," for LOEFFLER is a "gun owner."

46.     He advises LOEFFLER to stay away from the Allied Health building
(Hereafter "AHPS") on BUTTE campus.

47.     On or about February 10th, 2015, LOEFFLER appeals his dismissal to
ADAMS.

48.     On or about March 2nd, 2015, LOEFFLER submits his letter of appeal
with supporting evidence.

49.     On or about March 26th, 2015, LOEFFLER receives and email from
VANSKIKE informing his date of appeal is scheduled for April 20th, 2015.

50.     On or about March 31, 2015, at 11:30 am, LOEFFLR was Notified by
CHASE WAGNER (hereafter "WAGNER"), a former student/cadet of
BUTTE Colleges 58th Fire Academy, about "warning posters" being placed
around BUTTE campus.

COMPLAINT - 10

51.     LOEFFLER contacts CARLSON about these posters, CARLSON informed LOEFFLER he would take down the posters, and stated he instructed SCHAFER and ADAMS not to post them publicly.

52.     On April 1st, 2015, at 6:28 pm, LOEFFLER receives an email from ADAMS, expressing his reinstatement back in to BUTTE PARAMEDIC program, along with several required impositions. Not only were these tasks burdensome, they were also discriminating and insulting.

53.     LOEFFLER was still being harassed with additional chores, when none of which is stated in BUTTE Policies, Procedures, and program syllabus.

54.     On or about April 3rd, 2015, LOEFFLER receives a phone call from RENVILLE.

55.     RENVILLE informs LOEFFLER there will not be a hearing conducted because of his reinstatement, LOEFFLER requests the hearing scheduled for April 20th, 2015, to ensue.

56.     LOEFFLER tells RENVILLE he wanted, "answers to why pictures were being posted, and why there was no accountability for the actions and conduct performed by BUTTE college faculty?"

57.     RENVILLE denied his request to pursue the hearing.

COMPLAINT - 11

58.     On or about April 13th, 2015, LOEFFLER, sat in a meeting with RENVILEE and ADAMS.

59.     LOEFFLER expressed his concerns pertaining to his additional demands of his return.

60.     During the meeting LOEFFLER states, "this is unfair, I do not agree meeting with a mentor. My professionalism is what brought me back (BUTTE PARAMEDIC). I don't need a mentor to help improve my professionalism."

61.     LOEFFLER opposed all additional inconveniences, and wanted to get back to his Clinical Rotations in the field.

62.     LOEFFLER also requested a formal letter of redaction to be drafted, addressing the issue of defaming posters being placed around BUTTE.

63.     ADAMS informed him, there would be no letter of redaction and did not wave the additional requirements.

64.     On or about April 21st, 2015, LOEFFLER received his report from a prior request of public information.

65.     DUSTIN REESE, Executive Assistant to the president of BUTTE COLLEGE and the BOARD of TRUSTEES (hereafter "REESE") submitted 265 pages of emails that transpired between BUTTE COLLEGE faculty.

COMPLAINT - 12

66.     On or about April 23rd, 2015, LOEFFLER had a meeting with RENVILLE. LOEFFLER expressed his concern pertaining to the emails that had transpired between BUTTE faculty, and was fearful of being dismissed again.

67.     The emails between SCHAFER, SMITH, CUNEO, ADAMS, steered LOEFFLER to believe they would, again, conspire to have LOEFFLER terminated from the program.

68.     RENVILLE ridiculed LOEFFLER's concerns and sent him to class.

69.     On or about May 4th, 2015, LOEFFLER resumed his clinical rotation at ENLOE HOSPITAL (hereafter "ENLOE") from 0600-1800.

70.     On or about May 6th, 2015, LOEFFLER continued his clinical rotation at ENLOE (0600-1800).

71.     That day SMITH came to the hospital to conduct a "site visit," an occasion where a BUTTE PARAMEDIC instructor would visit a clinical site to follow up on a student's progression and correct any negative feedback, and act as an academic liaison.

72.     SMITH stopped by ENLOE, talked with fellow medical personnel working with LOEFFLER, found no discrepancies, and left shortly after.

COMPLAINT - 13

73.     On May 8th, 2015, LOEFFLER returns to finish his final rotation at ENLOE.

74.     At or about 0830, JOHN WEST (hereafter "WEST") a charge nurse for the ENLOE EMERGENCY DEPARTMENT, approaches LOEFFLER and accuses him of being absent for "the past hour and a half," and threatens to contact the director of BUTTE PARAMEDIC.

75.     LOEFFLER apologizes, and states he was present in the ENLOE EMERGENCY DEPARTMENT.

76.     LOEFFLER, in good faith, informs WEST that SCHAFER was no longer the director of BUTTE PARAMEDIC, and SMITH was currently filling that role.

77.     LOEFFLER, ensured this by providing WEST with SMITH's contact information.

78.     Shortly after the exchange of information, LOEFFLER received a phone call by SMITH instructing him to, "Leave ENLOE EMERGENCY ROOM," LOEFFLER left and went to his residence.

79.     Later that day at 1413 LOEFFLER receives a voicemail from SMITH stating, "pending review, we're (BUTTE PARAMEDIC) going to be taking you off clinical rotations, starting immediately.  As of right now you are

COMPLAINT - 14

being suspended from the Paramedic Program, including the field internship, and we (ADAMS) are scheduling a meeting on Tuesday May 12th at 1030."

80.     On or about May 12th, 2015, LOEFFLER attended the meeting established by SMITH, and requested CARLSON to be present.

81.     Once LOEFFLER arrived, he informed SMITH and ADAMS that he would be exercising his right to remain silent.

82.     The meeting ended shortly after.

83.     LOEFFLER exercised his 5th amendment right in fear of aiding ADAMS and SMITH, in corroboration with ELNOE EMERGENCY ROOM STAFF.

84.     LOEFFLER was aware of connection ADAMS had, and currently has, with ENLOE for she is a member on the BOARD OF TRUSTEES.

85.     LOEFFLER was also the only individual at the meeting who was present during the incident.

86.     LOEFFLER learned, from his previous dismissal, where he wrote an in-depth appeal letter which stated facts and cited BUTTE COLLEGE POLICY and California Educational codes, would fall upon death ears, and give ADAMS and SMITH an architectural blue print to distort the truth in their favor.

COMPLAINT - 15

87.   Later that day LOEFFLER received a memo of his "Final Dismissal."

88.   On or about May 18th, 2015, LOEFFLER appealed ADAMS dismissal via e-mail to VANSKIKE.

89.   ADAMS "Final Dismissal" memo had statements attached from a several ENLOE employees.

90.   ENLOE Employees LOEFFLER had no contact with or knowledge of their role at ENLOE during his clinical rotations.

91.   On or about May 21st, 2105. In preparation for LOEFFLER's future hearing, LOEFFLER went to ELOE HUMAN RECOURCES and respectfully requested if the unfamiliar personnel would agree to submit the same statements in ADAMS drafted "Final Dismissal" on a written affidavit and provide a map of the hospital.

92.   Some of the allegations made in the "Final Dismissal" had inaccurate illustrations, which LOEFFLER planed on addressing in his defense.

93.   Both requests were denied.

94.   LOEFFLER is currently unaware of the female's name and point of contact.

COMPLAINT - 16

95.     After the meeting LOEFFLER recalled the "Information Desk," located at the main entrance of ENLOE had maps of the hospital, and obtained one by one of the volunteers.

96.     LOEFFLER acclimated himself, with map in hand, and proceeded down the main hallway.

97.     Shortly after obtaining the map, LOEFFLER was approached (from behind) by an ENLOE SECURITY GUARD (hereafter "GUARD 1").

98.     GUARD 1 asked, "Are you MATTHEW LOEFFLER?" LOEFFLER noticed GUARD 1 was holding the same poster, from BUTTE.

99.     LOEFFLER replied, "Officer, do suspect me of a crime? Am I being detained, for I do not consent to any searches or seizures."

100.    2GUARD 1 replies, "No, but you need to leave."

101.    LOEFFLER complies with his demands and makes his way out the main entrance, with GUARD 1 following him.

102.    LOEFFLER makes his way to Magnolia Ave, and crosses the crosswalk.

103.    LOEFFLER forgets to ask GUARD 1, his contact information and calmly walks back in the direction of the guard, while holding a pen and paper.

COMPLAINT - 17

104.     Once LOEFFLER makes it halfway across the crosswalk, GUARD 1 tells him to, "Stay there, don't come any closer."

105.     LOEFFLER complies with the demand, despite standing in the middle of the street, and asks GUARD 1, "Can I have your name and badge number?"

106.     GUARD 1 answers, "Javier, badge number 26 (hereafter "JAVIER)." LOEFFLER looks down to write when a second security guard (Hereafter "GUARD 2") tackles LOEFFLER.

107.     LOEFFLER still does not know the name of GUARD 2.

108.     GUARD 2 starts wrestling with LOEFFLER's right arm and pulls LOEFFLER out of the cross walk while prompting JAVIER, "Grab his other arm!"

109.     LOEFFLER is befuddled by the confrontation and starts yelling, "Why am I being detained? What are you doing? Why am I being detained?"

110.     JAVIER and GUARD 2 fail to respond to LOEFFLER's queries.

111.     LOEFFLER is placed prone on the ground, and detained.

112.     During the detainment LOEFFLER's right shoulder was dislocated, and a severe contusion was formed on his cervical spine from the force of JAVIER's knee.

113.     JAVIER and GUARD 2, then made a radio report to ENLOE staff.

114.     At this point a large crowd surrounded LOEFFLER, one of the staff members, MARK KITTU (hereafter "KITTU") told LOEFFLER, "You know you're not supposed to be here!"

115.     LOEFFLER had no knowledge of there being any restrictions placed on him, and replied, "No I don't!"

116.     On or about 5 minutes after the detainment, CHICO POLICE arrived on scene and questioned JAVIER and GUARD 2 on the sequence of events.

117.     GUARD 2 stated, "He grabbed my arm."

118.     OFFICER DUFREE (hereafter "DUFREE") responds, "Oh, so battery."

119.     As officer DUFREE continues his report KITTU warns both officers, "be careful, he might have a gun on him."

120.     DUFREE and his partner (Officers name is unknown) both search LOEFFLER again for any firearms, LOEFFLER was not in possession of a firearm.

COMPLAINT - 19

121.    After the officers gather information from various ENLOE staff members (PLAINTIFF is still unaware of all known personnel taken in the report, and has been denied access to the report by CHICO POLICE).

122.    Officer DUFREE approaches LOEFFLER and asks, "what's going on?"

123.    LOEFFLER replies, "I do not consent to any searches or seizures, and I would like to have legal representation present while being interrogated."

124.    DUFREE ignores LOEFFLER's rights, and continues to question him as he turns off the microphone from his radio (placed on his right hip).

125.    DUFREE asks LOEFFLER, "Where is your car?"

126.    LOEFFLER remains silent.

127.    DUFREE then removes LOEFFLER's keys from his pocket and uses the keys to identify and access LOEFFLER's vehicle.

128.    LOEFFLER is then turned over to CHICO POLICE DEPARTMENT, while being escorted by DUFREE.

129.    DUFREE presents LOEFFLER with a document.

130.    DUFREE explains, this can go one or two ways: You sign this piece of paper, which states you can never come back here, and we let you go. Or,

you don't sign and you get to spend the night in an orange jumpsuit at county (BUTTE COUNTY JAIL) while you wait for your arraignment.

131.    LOEFFLER refuses to sign the drafted document and placed in the back if a police cruiser.

132.    Approximately 15 minutes later, DUFREE and his partner arrive to their vehicle (LOEFFLER in the back) and tells LOEFFLER, "not only are you getting charged with battery, you also earned yourself a gun charge (DUFREE displays LOEFFLER's registered GLOCK 19c)."

133.    LOEFFLER breaks his silence, under duress, and informs both officers, "I have a CCW permit!"

134.    Both officers look at each other in confusion, DUFREE gets out of the cruiser, opens the trunk of the car, and discovers LOEFFLER's valid CCW permit in his wallet and ignores his previous statement.

135.    Before LOEFFLER, DUFREE, and his partner leave the scene, LOEFFLER asks DUFREE, "Where was your probable cause to search my vehicle without my consent?"

136.    DUFREE explains to his probable cause was formed by the information he gathered from the scene.

COMPLAINT - 21

137.     On the way to CHIO POLICE DEPARMENT, LOEFFLER asked

DUFREE and his PARTNER, "Is there anything important you need to tell

me that you haven't told me so far?"

138.     Both officers replied "no."

139.     LOEFFLER was never delivered his Miranda Rights from any sworn

peace officer or person performing in a manner to uphold the law.

140.     On or about May 22nd, 2015, LOEFFLER received a formal letter

from RENVILLE, stating LOEFFLER was being placed on "Summarily

Suspension" due to "Alleged actions at ENLOE MEDICAL CENTER on

May 21, 2015..."

141.     Furthermore, RENVILLE explained the "Summarily Suspension" was

enforced due to violations in BUTTE Board Policy/Administrative

Procedure 5500-misconduct.

142.     This prohibited LOEFFLER from proceeding with his education,

while discounting his 4th amendment right of due process.

143.     Furthermore, violating California Educational Code §48900(s)(2009),

"A pupil shall not be suspended or expelled for any of the acts enumerated

in this section, unless that act is related to school activity or school

COMPLAINT - 22

attendance occurring within a school under the jurisdiction of the superintendent of the school district..."

144.    LOEFFLER was not a student of BUTTE at time, due to his dismissal.

145.    LOEFFLER contacted RENVILLE via email and expressed his concerns.

146.    On or about July 2nd, 2015, LOEFFLER emails RENVILLE regarding the "Summarily Suspension" and releases a memorandum from BUTTE COUTY DISTRICT ATTORNEY exhibiting the dropped charges.

147.    Despite the pertinent document, RENVILLE continues to suspend LOEFFLER.

148.    On or about August 12th, 2015, LOEFFLER filed two police reports at CHICO police department.

149.    One report pertaining to the assault and battery, unlawful imprisonment from ENLOE hospital.

150.    Another requesting an internal investigation on DUFREE for the illegal search and seizure of LOEFFLERS vehicle.

151.    On or about December 1st, 2015, LOEFFLER receives a letter from BILLY ALDRIDGE (CHICO POLICE LIEUTENANT,

COMPLAINT - 23

faith, disgrace, and destroy the integrity of the Plaintiff.  The plaintiff is informed and believes in truth and fact, the defendants acted without due regard, for the Plaintiff never gave consent.  Furthermore, the Plaintiff is informed and believes the defendants knew the Plaintiff had not committed and actions warranting the publication of this photo, thereby justifying an award of punitive damages in an amount according to proof.

176.    AS a proximate cause of Plaintiff's reliance upon BUTTE to maintain a safe and professional educational environment, and subsequent conduct by each of the defendants, Plaintiff suffered economic losses in an amount to be proven at trial.

177.    In performing the acts herein alleged, Defendants acted fraudulently, maliciously, and oppressively within the meaning of tort.  Disregarding the Plaintiff's welfare and civil rights while studying at BUTTE COLLEGE. Violating Cal. Civil Code 3344. CAIC No. 3701, 1730 (Howard v. Schaniel), 1801 (Briscoe v. Readers Digest)

WHEREFORE, Plaintiff seeks relief as set fourth below.

<u>SECOND CAUSE OF ACTION</u>

**FALSE LIGHT**
(as to the Defendants Butte Community College; Belinda Schafer, Denise Adams, Michael Smith, Allan Renville, Michelle Quint; Enloe Hospital)

COMPLAINT - 28

178.     Plaintiff repeat and incorporate by reference Paragraphs 1 through 172

and paragraphs 174 through 253 of this complaint as though fully set fourth

herein.

179.     In performing the acts of publicly defaming the Plaintiff in false light,

the defendants displayed gross negligence with severe tort.  Therefore,

justifying the actions under the Restatement (second) of torts § 652A-E

(1997).  The subsequent conduct of the Defendants caused the Plaintiff to

economical losses in the amount to be proven at trial.

WHEREFORE the plaintiff seeks relief set fourth below.


### THIRD CAUSE OF ACTION

**NEGLIGENCE**
(As to All Defendants)

180.     Plaintiff repeat and incorporate by reference Paragraphs 1 through 172

and paragraphs 174 through 253 of this complaint as though fully set fourth

herein.

181.     The harm executed by Defendants, and each of them, was not readily

discovered by Plaintiff.

COMPLAINT - 29

182.    Defendants, and each of them, owed a duty of responsibility to Plaintiff while acting as fiduciaries for Plaintiffs, and Defendants, and each of them, have breach that duty of responsibility.

183.    As a result of the Defendants' negligence, Plaintiff was physically, financially, emotionally injured.

184.    The subsequent conduct of the Defendants caused the Plaintiff to economical losses in the amount to be proven at trial.

WHEREFORE the plaintiff seeks relief set fourth below.

## FOURTH CAUSE OF ACTION

### ABUSE OF POWER (42 USC 1983)
(As to all Defendants)

185.    Plaintiff repeat and incorporate by reference Paragraphs 1 through 172 and paragraphs 174 through 253 of this complaint as though fully set fourth herein.

186.    The harm executed by Defendants, and each of them, was not readily discovered by Plaintiff.

187.    Defendants, and each of them, owed a duty of responsibility endowed by their designation, to Plaintiff while acting as fiduciaries for Plaintiff. The

COMPLAINT - 30

ADMINISTRATIVE DIVISION) replying to the complaint regarding the search and seizure.

152.     On or about August 12th, 2015, LOEFFLER status of "Summarily Suspension" is revoked.

153.     On or about August, LOEFFLER became aware of defaming allegations spreading through BUTTE, and the continual libeling publication of his Picture.

154.     In an email from DONALD BEASLEY (hereafter "BEASLEY") to CARLSON, ADAMS, and additional faculty, BEASLEY states, "Because of the Officer Safety Bulletin Released by CHICO PD.  I believe there still exists a concerns that his (LOEFFLER) profile may be consistent with that of an 'Active Shooter,' with specific concerns regarding retaliation here on campus, especially in the AHPS Building."

155.     Furthermore, LOEFFLER discovers an email sent by ADAMS to multiple recipients, with the attached photo depicting him as a threat.

156.     LOEFFLER consults CARLSON about the statements made from BEASLEY and voices his concern.

COMPLAINT - 24

157.    LOEFFLER explains he fears all theses allegations are dangerous, horrendous, and will lead the public, BUTTE faculty, and BUTTE students deeming he is a "Credible Threat." (CIV.1708.7.)

158.    LOEFFLER's dismissal hearing from BUTTE PARAMEDIC was conducted on October 29th, 2015.

159.    Prior to the hearing, LOEFFLER made several requests to RENVILLE and CLINTON SLAUGHTER (hereafter "SLAUGHTER") requesting legal representation, and that the hearing be public, both requests were denied.

160.    During the hearing, hearsay evidence was used from employees at ENLOE HOSPITAL.

161.    LOEFFLER "objected" to the evidence given, stating the written testimony ("District files") from WEST and PATTY ARENA, ELOE HOSPITAL EMERGENCY DEPARTMENT MANAGER (hereafter "ARENA"), were "inadmissible, for the witlessness are not present for me to cross examine, and these statements must be signed on a written affidavit."

162.    SLAUGHTER, the hearing officer (at the time), discounted the objection and continued with the hearing.

COMPLAINT - 25

163.   As the hearing continued, ADAMS made an outrageous comment during her opening testimony.  ADAMS continues to describe LOEFFLER, asking her out on a "date" and then continues onto pertinent issues of the hearing.

164.   After all testimony is given LOEFFLER begins to cross examine ADAMS.

165.   LOEFFLER asks ADAMS, "What is your relationship with WEST (the charge nurse who asked me to be removed from ENLOE EMERGENCY ROOM)?"

166.   LOEFFLER knows ADAMS is an active member of ENLOE's BOARD OF TRUSTEES, and wanted to address ADAMS relationship with BUTTE and ENLOE, but was halted by her motion to remain silent.

167.   ADAMS refuses to be further cross-examined by LOEFFLER and says, "I'll leave if I have to."

168.   SLAUGHTER sustains her motion and asks if ADAMS would like to cross-examine LOEFFLER, ADAMS declines.

169.   On or about November 5th, 2015, LOEFFLER receives the verdict to uphold his dismissal.

COMPLAINT - 26

170.    LOEFFLER requests an appeal to the DISTRICT OF BUTTE

COLLEGE, the request is denied.

171.    LOEFFLER submits multiple complaints to BUTTE COLEGE

HUMAN RESOURCES, regarding the defamation of character (pictures,

emails, false statements, discrimination, bullying, and violation of ADA

policy).

172.    None, to this date, have been resolved.

173.    On or about September 15th, 2015 LOEFFLER has a meeting with CA

First Cause of Action

**DEFAMATION OF CHARACTER**
(as to all Defendants)

174.    Plaintiff repeat and incorporate by reference Paragraphs 1 through 172

and paragraphs 174 through 253 of this complaint as though fully set fourth

herein.

175.    Plaintiff is informed and believes thereon allege that all times in truth

and fact the defendants' actions were malicious and destructive by nature.

The publication and distribution of the picture of LOEFFLER warning and

directing the public to contact BUTTE CAMPUS POLICE, was done in bad

COMPLAINT - 27

Defendants under the color of any statue, ordinance, regulation, state law, constitutional law, abused their authority by depriving the Plaintiff's Civil and Constitutional rights.  Defendants, and each of them, have breach that duty of authority.  Reference # through #.

WHEREFORE the plaintiff seeks relief set fourth below.

## FIFTH CAUSE OF ACTION
## HARASSMENT IN EDUCATIONAL INSTITUTION

(as to the Defendants Butte Community College; Belinda Schafer, Denise Adams, Michael Smith, Allan Renville, Michelle Quint, Lisa Bernal-Wood)

188.     Plaintiff repeat and incorporate by reference Paragraphs 1 through 172 and paragraphs 174 through 253 of this complaint as though fully set fourth herein.

189.     The harm executed by Defendants, and each of them, was not readily discovered by Plaintiff.

190.     SCHAFFER publicly defaming LOEFFLER, though the consent of her superior ADAMS. (Reference)

COMPLAINT - 31

191.    ADAMS continual endorsement of harassing and defaming LOEFFLER though her Position as Dean of BUTTE COLLEGE and Board of Trustee Member of Enloe Hospital. (Reference)

192.    ADAMS subjecting LOEFFLER to additional sanctions upon his reinstatement.  RENVILLE supporting the sanctions. (Reference)

193.    SMITH, QUINT, WOOD aiding in discriminating LOEFLER by presenting false statements, submission of false documents in assistance.

194.    WOOD and QUINT fabricated conversations made by LOEFFLER, and withheld discerning statements made by SCHAFER and ADAMS.

195.    RENVILLE "Summarily Suspending" LOEFFLER without cause, depriving his educational freedom.

196.    The subsequent conduct of the Defendants are in violation of; Title 34, Subchapter B, Subpart A § 106.31.  *Education programs or activities.* (Secs. 901, 902, Education Amendments of 1972, 86 Stat. 373, 374; 20 U.S.C. 1681, 1682) Title IX of the Education Amendments of 1972.

WHEREFORE the plaintiff seeks relief set fourth below

<u>SIXTH CAUSE OF ACITON</u>

**CONSPIRACY**
(As to All Defendants)

COMPLAINT - 32

197.     Plaintiff repeat and incorporate by reference Paragraphs 1 through 172 and paragraphs 174 through 253 of this complaint as though fully set fourth herein.

198.     Defendants, and each of them, unlawfully conspired to deprive Plaintiffs' educational rights, civil rights, constitutional rights, and personal freedoms by conspiring to engage in acts herein alleged, including fabricating and falsifying documents, fabricating and falsifying testimony, willfully and knowingly neglecting the use of proper educational administrative procedures, collaborating in effort to defame LOEFFLER while striping him of his civil liberties and constitutional rights.

199.     As a proximate result of Defendants conspiracy, Plaintiff has sustained financial losses and suffered severe emotional distress.

200.     In preforming the acts herein alleged, Defendants acted fraudulently, maliciously, and oppressively, within the significance of Civil Code section 3294, thereby justifying an award up to three times the amount of any general and special damages and punitive damages in an amount according to proof.

201.     Defendants were guilty of unruliness and oppression and fraud and malice in the commission of the acts of abuse alleged herein. CIV.1708.8.b

WHEREFORE the plaintiff seeks relief set fourth below

## SEVENTH CAUSE OF ACTION

### VICARIOUS RESPONSIBILITY
(As to all Agency Defendants BUTTE COMMUNITY COLLEGE, ENLOE HOSPITAL, CHICO POLICE DEPARTMENT)

202.    Plaintiff repeat and incorporate by reference Paragraphs 1 through 172 and paragraphs 174 through 253 of this complaint as though fully set fourth herein.

203.    The Agency Defendants in preforming the acts herein alleged, were conducted in bad faith and malicious intent. The principles disregard (reference) of the Plaintiffs' civil rights, constitutional rights, educational rights are replication of the Agency they serve.

204.    The Defendants acts of retaliation (reference) and Agency lack of discretion when knowledgeable are responsible under the doctrine of respondent superior are guilty. Civil Code section 2338. (*L. Byron Culver & Associates v. Jaoudi Industrial & Trading Corp.* (1991) 1 Cal.App.4th 300, 304 [1 Cal.Rptr.2d 680].)

205.    As a proximate result of Defendants failure to act, Plaintiff has sustained financial losses and suffered severe emotional distress.

COMPLAINT - 34

WHEREFORE the plaintiff seeks relief set fourth below

## EIGTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(as to the Defendants Butte Community College; Belinda Schafer, Denise Adams, Michael Smith, Allan Renville, Michelle Quint, Lisa Bernal-Wood)

206.    Plaintiff repeat and incorporate by reference Paragraphs 1 through 172 and paragraphs 174 through 253 of this complaint as though fully set fourth herein.

207.    Plaintiff is informed and believes and thereon allege Defendants' conduct was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional distress. Defendants conduct in sanctioning and endorsing the actions that were undertaken was done with knowledge that the Plaintiff would suffer from future employment, thereby increase emotional distress and was done with an unrestrained and reckless disregard of the consequences to the Plaintiff.

208.    As a proximate result of the acts alleged above, the Plaintiff suffered humiliation, mental anguish, emotional distress, and bared the pecuniary

burden of having to move to another county, all to Plaintiffs' damages according to proof.

209.    Defendants were guilty of recklessness and oppression and fraud and malice in commission of the acts of abuse alleged herein.

210.    In preforming the act herein alleged, Defendants acted fraudulently, maliciously, and oppressively, within the meaning of Civil Code section 3294, thereby justifying an award of punitive damages in an amount according to proof.

WHEREFORE the plaintiff seeks relief set fourth below


## NINTH CAUSE OF ACTION

### CALIFORNIA EDUCATIONAL CODE VIOLATIONS
(as to the Defendants Butte Community College)

211.    Plaintiff repeat and incorporate by reference Paragraphs 1 through 172 and paragraphs 174 through 253 of this complaint as though fully set fourth herein.

212.    Plaintiff is informed and believes and thereon allege Defendants' conduct was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional distress. The following are the Defendants and violations;

COMPLAINT - 36

213.    RENVILLE "Summarily Suspending" the Plaintiff, is in violation of California Educational code 48900(III)(s).  The Plaintiff was not a "pupil" at the time of the suspension.

214.    RENVILLE, failed to conduct and organize and administrative hearing for the Plaintiff in the appropriate time.  This conduct is in violation of Sections 66271.1, 66700 and 70901, Education Code; and section 11138, Government Code. Reference: Sections 66250 et seq. and 72011, Education Code; and sections 11135 and 11136, Government Code.  The Plaintiff has submitted several formal grievances; none have been address at this current time.

215.    SLAUGHTER, failed to comply with Government Code 11529.  Denying the Plaintiffs' right to be represented by counsel, submitting evidence and testimony lacking relevant declarations, affidavits.  The Defendant's lack of discretion, allowed hearsay testimony to used against the Plaintiff, and is not supported by Section 527 of the Code of Civil Procedure.

216.    The Plaintiff is informed and believes the conduct of the allege are in violation of Title 5, Section 41301.  Defendants are guilty of violating procedures set fourth to protect the Plaintiff's civil libraries and safeguard

COMPLAINT - 37

his constitutional rights.  Defendants are guilty of falsification, distortion,

misrepresentation of information related to the Plaintiff.  Defendants are

guilty of conduct disrupting or interfering with the orderly process of a

student (Plaintiff) administrative proceeding, thereby justifying an award of

punitive damages in an amount according to proof.

WHEREFORE the plaintiff seeks relief set fourth below

## TENTH CAUSE OF ACTION

### DISCRIMINATION (A.D.A)
(as to the Defendants Butte Community College)

217.     Plaintiff repeat and incorporate by reference Paragraphs 1 through 172

and paragraphs 174 through 253 of this complaint as though fully set fourth

herein.

218.     Plaintiff is informed and believes and thereon allege Defendants'

conduct was intentional and malicious and conducted in bad faith.

219.     Defendants were aware of the Plaintiffs disability, and

accommodations set fourth.  The Defendants denied the Plaintiffs

accommodations.  Violating Title 42, Chapter 126, Subchapter 3, Section

12189.  These actions cause undue hardship, stress, and humiliation toward

COMPLAINT - 38

the Plaintiff, thereby justifying an award of punitive damages in an amount according to proof.

WHEREFORE the plaintiff seeks relief set fourth below

## ELEVENTH CAUSE OF ACTION

### COHERSION
(as to the Defendants Butte Community College; DINEASE ADAMS)

220.    Plaintiff repeat and incorporate by reference Paragraphs 1 through 172 and paragraphs 174 through 253 of this complaint as though fully set fourth herein.

221.    Plaintiff is informed and believes and thereon allege Defendants' conduct was intentional and malicious and conducted in bad faith and against Educational Administrative Procedures, BUTTE COLLEGE POLICY, and laws supporting the Plaintiffs Civil Liberties.

WHEREFORE the plaintiff seeks relief set fourth below

## TWEALTH CAUSE OF ACTION

### VIOLATION OF DUE PROCESS CLAUSE
(as to the Defendants Butte Community College)

COMPLAINT - 39

222.    Plaintiff repeat and incorporate by reference Paragraphs 1 through 172

and paragraphs 174 through 253 of this complaint as though fully set fourth

herein.

223.    Plaintiff is informed and believes and thereon allege Defendants'

conduct was intentional and malicious and conducted in bad faith.  The

Plaintiff was denied the right to confront his accusers, violating the

inauguration of the civil procedures of the Plaintiffs' dismissal hearing at

BUTTE COLLEGE.  *"The malicious commencement of a civil*

*proceeding is actionable because it harms the individual against whom*

*the claim is made, and also because it threatens the efficient*

*administration of justice. The individual is harmed because he is*

*compelled to defend against a fabricated claim which not only subjects*

*him to the panoply of psychological pressures most civil defendants*

*suffer, but also the additional stress of attempting to resist a suit*

*commenced out of spite or ill will, often magnified by slanderous*

*allegations in the pleadings."* (*Merlet v. Rizzo* (1998) 64 Cal.App.4th

53, 59 [75 Cal.Rptr.2d 83], internal citation omitted.)

COMPLAINT - 40

224.    SLAUGHTER, the hearing officer is guilty of authorizing

unjustifiable motions during the hearing, failing to impose the

prosecutions obligation to "Bare The Burden of Truth." *To establish a*

*cause of action for the malicious prosecution of a civil proceeding, a*

*plaintiff must plead and prove that the prior action (1) was commenced*

*by or at the direction of the defendant and was pursued to a legal*

*termination in his, plaintiff's, favor; (2) was brought without probable*

*cause; and (3) was initiated with malice." (Bertero v. National General*

*Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608],

internal citations omitted.)

225.    SLAUGHTER, the hearing officer, failed to support

LOEFFLER's 6th amendment right. Depriving LOEFFLER's to "refute

the charges by confronting and cross-examining adverse witnesses."

*Nevels v. Hanlon,* 656 F.2d 373, 376 (8th Cir. 1981)

226.    The Plaintiffs dismissal hearing from BUTTE COLLEGE did not

follow non-criminal proceedings, the right to confront and cross-examine

witnesses is part of procedural due process guaranteed by the Fifth and

Fourteenth Amendments. *Willner v. Committee on Character and Fitness,*
373 U.S. 96, 108 (1963)

WHEREFORE the plaintiff seeks relief set fourth below

## THIRTEENTH CAUSE OF ACTION
### BREACH OF CONTRACT
(as to the Defendants Butte Community College)

227.     Plaintiff repeat and incorporate by reference Paragraphs 1 through 172
and paragraphs 174 through 253 of this complaint as though fully set fourth
herein.

228.     Plaintiff is informed and believes and thereon allege Defendants'
conduct was intentional and malicious and conducted in bad faith.

229.     Defendants were aware of the Plaintiffs disability, and
accommodations set fourth.  The Defendants denied the Plaintiffs
accommodations.  Violating Title 42, Chapter 126, Subchapter 3, Section
12189.  These actions cause undue hardship, stress, and humiliation toward
the Plaintiff, thereby justifying an award of punitive damages in an amount
according to proof.

WHEREFORE the plaintiff seeks relief set fourth below

COMPLAINT - 42

## FOURTEENTH CAUSE OF ACTION

## WRONGFUL USE OF ADMINISTRATIVE PROCEEDINGS
### (as to the Defendants Butte Community College)

230.    Plaintiff repeat and incorporate by reference Paragraphs 1 through 172 and paragraphs 174 through 253 of this complaint as though fully set fourth herein.

231.    Plaintiff is informed and believes and thereon allege Defendants' conduct was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional distress. The following are the Defendants and violations;

232.    RENVILLE "Summarily Suspending" the Plaintiff, is in violation of California Educational code 48900(III)(s).  The Plaintiff was not a "pupil" at the time of the suspension.

233.    RENVILLE, failed to conduct and organize and administrative hearing for the Plaintiff in the appropriate time.  This conduct is in violation of Sections 66271.1, 66700 and 70901, Education Code; and section 11138, Government Code. Reference: Sections 66250 et seq. and 72011, Education Code; and sections 11135 and 11136, Government Code.  The Plaintiff has

COMPLAINT - 43

submitted several formal grievances; none have been address at this current time.

234.     SLAUGHTER, failed to comply with Government Code 11529. Denying the Plaintiffs' right to be represented by counsel, submitting evidence and testimony lacking relevant declarations, affidavits. The Defendant's lack of discretion, allowed hearsay testimony to used against the Plaintiff, and is not supported by Section 527 of the Code of Civil Procedure.

235.     The Plaintiff is informed and believes the conduct of the allege are in violation of Title 5, Section 41301. Defendants are guilty of violating procedures set fourth to protect the Plaintiff's civil libraries and safeguard his constitutional rights. Defendants are guilty of falsification, distortion, misrepresentation of information related to the Plaintiff. Defendants are guilty of conduct disrupting or interfering with the orderly process of a student (Plaintiff) administrative proceeding, thereby justifying an award of punitive damages in an amount according to proof.

WHEREFORE the plaintiff seeks relief set fourth below

FIFTHTEENTH CAUSE OF ACTION

**ATTEMPTED EXTORTION**

COMPLAINT - 44

(as to the Defendants of Chico Police; DUFREE)

236.    Plaintiff repeat and incorporate by reference Paragraphs 1 through 172 and paragraphs 174 through 253 of this complaint as though fully set fourth herein.

237.    Plaintiff is informed and believes and thereon allege Defendants' conduct was unbecoming of a Peace Officer who upholds the law, Defendant's conduct was committed while under the custody of DUFREE, therefore meeting the criteria of a "Special Relationship." DUFREE thereby adopts the duties and responsibilities of protecting the rights of the Plaintiff, not exploit them. The Defendants are also guilty under 42 U.S. Code § 1983 by "Failing to intervene."

238.    The Defendants attempt to extort the Plaintiffs' right of due process, while acting under the color of law, is guilty under California Penal Code 519, 522. Thereby justifying an award of punitive damages according to proof.

WHEREFORE the plaintiff seeks relief set fourth below

## SIXTEENTH CAUSE OF ACTION

### ILLEGAL SEARCH AND SEIZURE
(as to the defendants of CHICO POLICE DEPARTMENT; DUFREE)

COMPLAINT - 45

239.     Plaintiff repeat and incorporate by reference Paragraphs 1 through 172 and paragraphs 174 through 253 of this complaint as though fully set fourth herein.

240.     Plaintiff is informed and believes and thereon allege Defendants' conduct was unbecoming of a Peace Officer who upholds the law, Defendant's conduct was committed while under the custody of DUFREE, therefore meeting the criteria of a "Special Relationship." DUFREE thereby adopts the duties and responsibilities of protecting the rights of the Plaintiff, not exploit them. The Defendants are also guilty under 42 U.S. Code § 1983 by "Failing to intervene."

241.     DUFREE, without the consent of the Plaintiff, used the Plaintiffs' car keys to locate, search and seize items from the Plaintiff's vehicle. The Plaintiff repeatedly informed the Defendants, "I do not consent to any searches or seizures!" The Plaintiff is informed and believes no "exigent" circumstance justifying the conduct of the Defendants, and seeks the view by a jury of his peers as to the authenticity authorizing the conduct of the Defendants. The Defendants are guilty of the allege, violating the Plaintiff's 4th amendment right, thereby justifying an award of punitive damages according to proof.

COMPLAINT - 46

WHEREFORE the plaintiff seeks relief set fourth below

## SEVENTEENTH CAUSE OF ACTION

### FALSE IMPRISONMENT
(as to the defendants of ENLOE HOSPITAL; HAVIER, GUARD,
KITTIU, WEST, ARENA; BUTTE COLLEGE; ADAMS, RENVILLE,
BEASLEY, SMITH)

242.    Plaintiff repeat and incorporate by reference Paragraphs 1 through 172

and paragraphs 174 through 253 of this complaint as though fully set fourth

herein.

243.    Plaintiff is informed and believes and thereon allege Defendants'

conduct was intentional and malicious and done for the purpose of causing

Plaintiff to suffer humiliation, mental anguish, emotional distress, and to

damage to his reputation, and future employment. Ensuing the Plaintiffs

"Summarily Suspension" from RENVILLE, defaming allegations from

BEASLEY, discrimination from BUTTE, and used as leverage in written

testimony by ADAMS, SMITH, ARENA, and WEST.

244.    The Defendants are guilty of deliberately providing CHICO POLICE

OFFICERS "false and materially incomplete information of a character that

could be stimulated an arrest." (*Du Lac v. Perma Trans Products, Inc.*

(1980) 103 Cal.App.3d 937, 941 [163 Cal.Rptr. 335], internal citation

COMPLAINT - 47

omitted.)

245.    The Defendants detained and imprisoned the Plaintiff without cause of action, and without legal authority (Penal Code 830).  The Defendants conduct resulted in the Plaintiff suffering emotional distress, humiliation, and physical harm.  The Plaintiff sought medical evaluation at Feather River Hospital, and suffered from a dislocated shoulder and multiple contusions to the cervical spine, and bilateral contusions to his lower extremities by the act of the Defendants. (*Cervantez v. J.C. Penney Co. (1979) 24 Cal.3d 579, 592 [156 Cal.Rptr. 198, 595 P.2d 975].*)

246.    In preforming the act herein alleged, Defendants acted fraudulently, maliciously, and oppressively, "nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." (*Fermino v. Fedco, Inc. (1994) 7 Cal.4th 701, 716 [30 Cal.Rptr.2d 18, 872 P.2d 559], internal citations omitted.*).  Within the meaning of Penal Code section 236, thereby justifying an award of punitive and nominal damages in an amount according to proof and deemed by the court.

WHEREFORE the plaintiff seeks relief set fourth below

## EIGHTEENTH CAUSE OF ACTION
### UNLAWFUL ARREST

COMPLAINT - 48

(as to the defendants of CHICO POLICE DEPARTMENT; DUFREE)

247.      Plaintiff repeat and incorporate by reference Paragraphs 1 through 172 and paragraphs 174 through 253 of this complaint as though fully set fourth herein.

248.      In performing the act herein, the allege failed to authenticate a process of cause biased on facts leading up to the detainment of the Plaintiff. "It has long been the law that a cause of action for false imprisonment is stated where it is alleged that there was an arrest without process, followed by imprisonment and damages. Upon proof of those facts the burden is on the defendant to prove justification for the arrest." (*Cervantez v. J.C. Penney Co.* (1979) 24 Cal.3d 579, 592 [156 Cal.Rptr. 198, 595 P.2d 975].)

249.      In preforming the act herein alleged, Defendants acted fraudulently, maliciously, and oppressively, "nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." (*Fermino v. Fedco, Inc.* (1994) 7 Cal.4th 701, 716 [30 Cal.Rptr.2d 18, 872 P.2d 559], internal citations omitted.). Within the meaning of Penal Code section 236, thereby justifying an award of punitive and nominal damages in an amount according to proof and deemed by the court.

WHEREFORE the plaintiff seeks relief set fourth below

COMPLAINT - 49

## TWENTYTH CAUSE OF ACTION

### ASSAULT AND BATTERY
(as to the defendants of ENLOE HOSPITAL, CHICO POLICE
DEPARTMENT, BUTTE COLLEGE)

250.     Plaintiff repeat and incorporate by reference Paragraphs 1 through 172

and paragraphs 174 through 253 of this complaint as though fully set fourth

herein.

251.     Plaintiff is informed and believes and thereon allege Defendants'

conduct was intentional and malicious and done for the purpose of causing

Plaintiff to suffer humiliation, mental anguish, emotional distress, and to

damage to his reputation. "Anticipating" the ramifications from the Plaintiffs

"Summarily Suspension" from RENVILLE, defaming allegations from

BEASLEY, discrimination from BUTTE, and used as leverage in written

testimony by ADAMS, SCHAFER, SMITH, ARENA, and WEST.

(*Kiseskey v. Carpenters' Trust for Southern California* (1983) 144

Cal.App.3d 222, 232 [192 Cal.Rptr 492].)

252.     In preforming the acts herein alleged, the Defendants acted with a

willful disregard of the Plaintiff's rights and ignored the Plaintiff's

repudiation of consent. (*Ashcraft, supra,* 228 Cal.App.3d at p. 613,

internal citation omitted.)  The conduct of the defendants placed the Plaintiff in a constant state of fear, resulting in preventable mental anguish, and emotional distress.

253.     The Defendants detained and imprisoned the Plaintiff without cause of action, and without legal authority (Penal Code 830).  The Defendants conduct resulted in the Plaintiff suffering emotional distress, humiliation, and physical harm.  The Plaintiff sought medical evaluation at Feather River Hospital, and suffered from a dislocated shoulder and multiple contusions to the cervical spine, and bilateral contusions to his lower extremities by the act of the Defendants. (*Cervantez v. J.C. Penney Co. (1979) 24 Cal.3d 579, 592 [156 Cal.Rptr. 198, 595 P.2d 975].)*

254.     Plaintiff continues to suffer the financial burden inflicted by the Defendants, thereby justifying an award of punitive and nominal damages in an amount according to proof and deemed by the court.

WHEREFORE the plaintiff seeks relief set fourth below

## PRAYER

WHEREFORE the plaintiff request judgment against Defendants as follows:

COMPLAINT - 51

1.    For general damages according to law and proof;

2.    For Special damages according to law and proof;

3.    For Cost of Suit;

4.    For Attorney fees;

5.    For Defendants, and each of them to return to Plaintiff all funds and assets acquired by any means of any act or practice declared by this court to be unlawful or fraudulent;

6.    For statutory damages

7.    For accounting from the Defendants to Plaintiff and the amount found to be due from Defendants as a result of that accounting;

8.    For an award of punitive and exemplary damages in an amount according to proof as permitted by law;

9.    For an award of reasonably attorney fees and costs and executor's fees pursuant to Welfare code.....

10.   For an award and costs, including attorney fees pursuant to Code Civ. Proc., section 52, subd. (a);

11.   For permanent injunction against the Defendants for leaving the Plaintiff no choice but to relocate to another area and the financial burden followed by it.

12.     For the loss of earnings and future earnings the Plaintiff continues to suffer due to the damages and conduct by the Defendants.  Corrupting the economical employment of the Plaintiff as "Firefighter/Paramedic."

*"Loss of earning power is an element of general damages which can be inferred from the nature of the injury, without proof of actual earnings or income either before or after the injury, and damages in this respect are awarded for the loss of ability thereafter to earn money." (Connolly v. Pre-Mixed Concrete Co. (1957) 49 Cal.2d 483, 489 [319 P.2d 343].)*

13.     A declaration of rights declaring defendants' policies and procedures to be unconstitutional as a Violation of Article 1 section 2 of the California Constitution.

14.     A declaration of rights declaring defendants' policies and procedures to be unauthorized and illegal under California Educational Codes;

15.     Reasonable attorney feed according to proof, pursuant to Code of Civil Procedures Section 1021.5;

16.     Such Other relief the court deems just and proper.


**VERIFICATION**


COMPLAINT - 53

I am the Plaintiff in this action. I have read the Complaint, and it is true of my own knowledge, except as those matter stated on information or belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 3/31/16

Plaintiff, MATTHEW LOEFFLER

Dated this 30 of March, 2016.

MATTHEW LOEFFLER
In Pro Per